UNITED STATES DISTRICT COURT

Northern District of California

MICHELE FOTINOS,

            Plaintiff,
  v.

LAURIE SILLS, et al.,

           Defendants.
_____/

No. C 12-3828 MEJ

**ORDER RE PLAINTIFF'S ATTORNEY'S BAR STATUS**

In this matter, Plaintiff is represented by Patricia Joan Barry, Esq. The Court has learned that on September 6, 2012, the State Bar Court of California suspended Ms. Barry's license to practice law in California because she did not pass the MPRE within the prescribed time.[1] Her suspension began on October 1, 2012 and remains in effect until she passes the MPRE. Pursuant to Civil Local Rule (L.R.) 11-7(a), Ms. Barry was required to provide the Clerk of this Court with notice about her suspended law license within 14 days of the suspension.[2] Ms. Barry did not do so. Moreover, Civil

---

[1] Ms. Barry was required to take the MPRE when she was suspended for two years by the State Bar Court of California on August 15, 2011. The suspension was stayed and Ms. Barry was placed on probation for two years with a 60-day actual suspension. Ms. Barry's suspension stemmed partly from her pursuing cases without merit, a fact she stipulated to during the Bar's investigation.

[2] Civil L.R. 11-7(a) provides: "Any attorney admitted to practice in this Court or any attorney appearing pro hac vice who is convicted of a felony, suspended, disbarred or placed on disciplinary probation by any court, or who resigns from the bar of any court with an investigation into allegations of unprofessional conduct pending, must give notice to the Clerk and the Clerk of the Bankruptcy Court in writing within 14 days of such event."

1  L.R. 11-1(g)(1) provides that a suspended attorney is not eligible to practice before this Court.[3]  Ms.
2  Barry, however, has continued to represent Plaintiff in this matter and has filed multiple motions,
3  briefs, and declarations with the Court since her California license was suspended.  *See* Dkt. Nos.
4  23, 30, 31, and 41.
5       Based on Ms. Barry's above conduct, the Court has cause to believe that she may have
6  engaged in unprofessional conduct.  Ms. Barry is therefore ORDERED to file a declaration
7  explaining **in detail** the current status of her bar license in both California **and** before this Court.
8  With respect to her license in this Court, Ms. Barry must explain when she was admitted to practice
9  in the Northern District of California and why she failed to notify this District about her recent
10 suspension.  The declaration must also explain whether Ms. Barry has notified Plaintiff about her
11 suspended law license, and if she has, when this transpired.  Any other details that would help this
12 Court determine whether Ms. Barry violated any ethical rules should be included as well.  Ms. Barry
13 must file her declaration by **November 1, 2012**.
14      **IT IS SO ORDERED.**

Dated: October 30, 2012

_____
Maria-Elena James
Chief United States Magistrate Judge

---

[3] Civil L.R. 11-1(g)(1) states: "While suspended, an attorney is not eligible to practice in this Court or in the Bankruptcy Court of this District.  In the event that an attorney files papers or otherwise practices law in this Court or in the Bankruptcy Court while an administrative notation of suspension is pending on the attorney's admission record, the Clerk will verify the attorney's disciplinary status with the State Bar (or other jurisdiction, if applicable).  If the attorney is not then active and in good standing, the Chief District Judge will issue an order to show cause to the attorney in accordance with Civil L.R. 11-7(b)(1)."

2