UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| MICHELE FOTINOS, | No. C 12-3828 MEJ |
| Fotinos, | **ORDER GRANTING MOTION FOR REMAND AND MOTION TO DISMISS** |
| v. | |
| LAURIE SILLS, et al., | **Re: Dkt. Nos. 4 and 15** |
| Defendants. | |

Currently before the Court is defendant Laurie Sells' motion to remand and motion to dismiss. For the reasons explained below, both motions are GRANTED.

### BACKGROUND[1]

Esther Boyes is the mother of plaintiff Michele Fotinos and co-defendant David Boyes.[2] After suffering a fall in 2005, Boyes moved from her Belmont home to Bayview Villa, an assisted living facility. Shortly thereafter, Fotinos and her minor daughter moved into Boyes' Belmont home.

On October 28, 2011, Defendant Laurie Sells was appointed by the San Mateo County Superior Court (SMC) as conservator for the estate of Boyes.[3] In performing her fiduciary duties,

---

[1] The summary of this matter is provided for background purposes only. It is based on the parties' briefing and the exhibits (court documents from the underlying unlawful detainer action in state court) contained in Sells' unopposed request for judicial notice (Dkt. No. 5), which is GRANTED.

[2] For purpose of clarity, the Court refers to David Boyes by his first name.

[3] SMC denied Fotinos' request to be appointed as the conservator for her mother's estate.

Sells discovered several financial irregularities with Boyes' estate, and suspected that Fotinos and David may have improperly taken money from their mother. Sells also learned that Boyes, who had no liquid assets, owed more than $80,000 in rent to Bayview Villa. Based on this, Sells determined that it was best for Boyes to sell her Belmont home.

Sells filed a petition with SMC seeking permission to sell Boyes' home. This was granted on February 15, 2012, and a notice of termination of tenancy was served on Fotinos. Sells agreed to extend this notice until April 28, and Fotinos was warned that an unlawful detainer action would commence if she had not vacated the home by then. On May 1, Sells was forced to file an unlawful detainer action in SMC since Fotinos had not terminated her tenancy. Fotinos answered on May 10, and she asserted numerous affirmative defenses to the unlawful detainer action, including retaliatory eviction, discrimination in violation of the Constitution, lack of jurisdiction, and that David and her had a life estate in the Belmont home based on the conduct, practices, and assumption of her mother, brother, and herself. Sells moved for summary judgment, arguing that each of Fotinos' defenses lacked merit. SMC agreed with Sells, and her motion for summary judgment was granted on July 16. Sells obtained a writ of possession for the Belmont home on July 24, and Fotinos and her daughter were forced to move. The home was subsequently sold for $830,000, which was placed into Boyes' estate so it could be used to pay for her care and living expenses.

On July 23, 2012, Fotinos filed a complaint in this Court against Sells and David. Although the complaint alluded to claims for violations of California's Fair Employment and Housing Act (FEHA), a conspiracy to defraud Boyes' estate, and a breach of fiduciary duty, Fotinos specifically pled only one claim. This alleged that Sells violated the federal Fair Housing Act (FHA) by discriminating and retaliating against Fotinos due to her status as a victim of domestic violence and her and her daughter's disabilities and gender. Dkt. No. 1 at ¶ 58. On August 13, Sells filed a motion to dismiss this complaint as well as a motion to strike under California's anti-SLAPP statute. Dkt. No. 4.[4]

---

[4] Fotinos did not timely file an opposition to Sells' motion to dismiss, requiring the Court to issue an order to show cause. Dkt. No. 10. This was discharged when Fotinos explained that she

2

After the Belmont home was sold, Sells considered whether she should attempt to recover any assets that may have been wrongfully taken from Boyes' estate by Fotinos and David (i.e., whether any potential recovery of assets would outweigh the expense of litigation). Pursuant to California Probate Code § 2403, Sells filed a petition for instructions (Petition) with SMC asking the court for guidance. The Petition outlined Sells' proposed action — which was to file a complaint against Fotinos and David to recoup Boyes' money (a draft of the proposed complaint was attached to the Petition) — and pointed out the advantages and disadvantages of such an approach.

A hearing on the Petition was set for August 31, 2012, but was continued to September 21 after Fotinos informed SMC that she had removed the proceedings to this Court.[5] Fotinos based her removal on the proposed Petition and complaint filed by Sells, arguing that these pleadings were separate from the conservatorship action and should be evaluated by this Court, which already had jurisdiction over Fotinos' FHA discrimination complaint. Dkt. No. 7. On September 12, Sells moved to remand these proceedings back to SMC. Dkt. No. 15. Below, the Court evaluates this remand motion first and then turns to Sells' motion to dismiss.[6]

---

would amend her complaint (which she never did) and filed an ex parte application to strike Sells' motion, arguing that it was improper for Sells to combine a motion to dismiss with an anti-SLAPP motion to strike. Dkt. Nos. 12, 13, and 14. The Court denied this ex parte application. Dkt. No. 24. After another request for additional time, which was granted by the Court, Fotinos finally filed her opposition to Sells' motion to dismiss on October 16, 2012. Dkt. Nos. 31, 33, and 34. After Sells filed her reply, Fotinos submitted a declaration in response on October 26, 2012. Dkt. No. 41. The Court does not consider this declaration since it was improperly filed after briefing had closed. For this same reason, the Court does not consider any other declarations (as well as corresponding evidence) submitted by Fotinos during the pendency of this matter that were not specifically permitted by the Court or by the Local Civil Rules of this District (i.e., only her oppositions to Sells' motions are considered). This includes the supplemental declarations that were filed by Fotinos on November 6 and 13, 2012. Dkt. Nos. 48 and 50.

[5] In her motion to remand, Sells explains that Fotinos did not file her notice of removal until four hours after SMC had granted her request for a continuance.

[6] On October 30, 2012, the Court ordered Fotinos' counsel, Patricia Joan Barry, Esq., to explain the status of her license to practice law, which, according to the California State Bar website, had been suspended on September 6. Dkt. No. 43. Barry promptly responded by filing two declarations, which provided that her suspension order had been vacated. Dkt. Nos. 44 and 46. This

**DISCUSSION**

A. <u>Motion to Remand</u>

A party "may remove an action to federal court based on federal question jurisdiction or diversity jurisdiction." *Hunter v. Philip Morris, USA,* 582 F.3d 1039, 1042 (9th Cir. 2009); *see also* 28 U.S.C. §1441(a) ("any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants to the district court of the United States for the district and division embracing the place where such action is pending"). "The propriety of removal thus depends on whether the case originally could have been filed in federal court." *Chicago v. Int'l Coll. of Surgeons,* 522 U.S. 156, 163 (1997). The burden of establishing that federal jurisdiction exists is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction. *Gaus v. Miles, Inc.,* 980 F.2d 564, 566-67 (9th Cir. 1992) (internal citations omitted). A district court must remand the case to state court if it appears at any time before final judgment that it lacks subject matter jurisdiction. 28 U.S.C. §1447(c).

In her motion to remand, Sells argues that it was procedurally improper for Fotinos to remove the Petition that was filed before SMC. This Court agrees. The Petition, along with Sells' proposed complaint against Fotinos and David, only constituted a select portion of a state court civil action that was pending in SMC. Fotinos' attempt to remove only this Petition — rather than the entire conservatorship action as contemplated by 28 U.S.C. 1441(a) — is not permissible. *Embury v. King*, 191 F.Supp.2d 1071, 1078 (N.D. Cal. 2001); *Arango v. Guzman Travel Advisors Corp.*, 621 F.2d 1371, 1376 (5th Cir. 1980) ("the 'civil action's' removability is determined as to its entirety, not as to particular claims or parties"). To the extent that Fotinos is attempting to only remove Sells' proposed complaint against Fotinos and David, which was submitted to SMC in connection with the Petition, this too is improper since removal cannot be based on an unfiled complaint. *See Kruso v. Int'l Tel. & Tel. Corp.*, 872 F.2d 1416, 1426 n. 12 (9th Cir. 1989) ("Generally, the right of removal

---

response has alleviated any concerns that the Court had about Barry's license to practice law.

4

1 is determined by the pleadings as they stand when the petition for removal is filed.") (*quoting Smith*
2 *v. Picayune*, 795 F.2d 482, 485 (5th Cir. 1986)). Even if Fotinos could remove just the Petition and
3 not the entire SMC conservatorship action, this Court would not have subject matter jurisdiction.
4 There is no diversity jurisdiction since each of the parties in this matter are residents of California
5 and Fotinos does not allege otherwise. And because the conservatorship action and the Petition are
6 based entirely on California law, there is no federal question involved.

7 Moreover, Fotinos' notice of removal was untimely. Pursuant to 28 U.S.C. § 1446(b)(1), a
8 party must remove an action within 30 days of being served with the pleading. Here, the state court
9 conservatorship action was initiated in SMC on August 5, 2011, and Fotinos did not file her notice
10 of removal until the following year on August 31, 2012. Fotinos also waived her right to remove the
11 state court action when she submitted to SMC's jurisdiction by filing petitions and other court
12 documents in that case. *See Southland Corp. v. Estridge*, 456 F.Supp. 1296, 1299 n. 4 (C.D. Cal.
13 1978) ("The present timing rule, 28 U.S.C. § 1446(b) requires that the defendant filed his removal
14 petition before filing any responsive pleadings in state court.").[7]

15 For all of the foregoing reasons, Fotinos' notice of removal was improper and Sells' motion
16 is GRANTED. The Petition is remanded back to SMC (which still has jurisdiction over the
17 remaining parts of the conservatorship action). The Court, however, exercises its discretion and
18 DENIES Sells' request for attorneys' fees. *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136
19 (2005) ("Section 1447(c), however, provides that a remand order 'may' require payment of
20 attorney's fees — not 'shall' or 'should.'").

21 B. Motion to Dismiss

22 A court may dismiss a complaint under Federal Rule of Civil Procedure (FRCP) 12(b)(6)
23 when it does not contain enough facts to state a claim for relief that is plausible on its face. *See Bell*
24 *Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff

---

[7] Fotinos' opposition does not persuasively address any of the arguments from Sells' motion to remand and instead focuses on other issues (e.g., an anti-SLAPP analysis, Sells' handling of the Belmont home sale, etc.) that the Court finds are immaterial to the disposition of this motion. *See* Dkt. No. 22.

5

pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 557). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555 (internal citations and parentheticals omitted).

In considering a motion to dismiss, a court must accept all of the plaintiff's allegations as true and construe them in the light most favorable to the plaintiff. *See id.* at 550; *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007); *Vasquez v. Los Angeles Cnty.*, 487 F.3d 1246, 1249 (9th Cir. 2007). If the court dismisses the complaint, it should grant leave to amend even if no request to amend is made "unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (*quoting Cook, Perkiss and Liehe, Inc. v. N. Cal. Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)).

Here, Fotinos' complaint — which she concedes is not artfully pled — takes issue with the underlying unlawful detainer action in which SMC awarded Sells, as conservator, possession of the Belmont home. Fotinos' opposition explains that "because the discrimination and retaliation claims in the [unlawful detainer] [a]ction never got to see the light of day in state court, M. Fotinos is entitled to litigate them here in this proceeding under both the FEHA and the [f]ederal Housing Discrimination Act." Dkt. No. 34 at 7; *see also id.* at 4 ("the [f]ederal Housing Discrimination Act also permits discriminatory and retaliatory actions to proceed on retaliatory evictions in state court"). In her motion to dismiss, one of Sells' arguments is that the *Noerr-Pennington* doctrine prohibits Fotinos from pursuing claims under the FHA that are based on the state court unlawful detainer action. Dkt. No. 4 at 3 (explaining that the *Noerr-Pennington* doctrine "holds that parties who utilize their right to petition the government for redress of grievances under the Petition Clause

of the First Amendment are immune from subsequent liability for having so utilized their rights").[8]

Fotinos' opposition only provided the following response to this argument:

> Because of time limitations, Barry is not briefing this doctrine. However, as Rooker Feldman goes so does Noerr Pennington. Sells was not a landlord. But if she was, she was not forced to a jury trial to defend on the discrimination/retaliation defenses of M. Fotinos. In addition, Sells did not do a complete briefing on the doctrine and M. Fotinos is enttiled to assert an affirmative defense under that doctrine as well.

Dkt. No. 34 at 10.

Accordingly, Fotinos has provided no substantive response to Sells' argument with respect to the *Noerr-Pennington* doctrine, even though she had more than two months to prepare her opposition. And Fotinos' position — which she continuously asserts throughout her papers — that she is entitled to a jury trial on her affirmative defenses in the unlawful detainer action misunderstands the fundamental principles of summary judgment. Fotinos had a chance to litigate these defenses in SMC, and because that court found that she failed to establish a triable issue of material fact with respect to her defenses, it granted summary judgment in favor of Sells. *See* Dkt. No. 5, Ex. E. The relief available to Fotinos is to appeal that summary judgment order; it is not to file an action before this Court and argue that she is entitled to a jury trial on those issues.

Most importantly, and contrary to Fotinos' arguments from above, the Court finds that the *Noerr-Pennington* doctrine (which has no relation to the *Rooker-Feldman* doctrine) directly applies here. The decision in *Thomas v. Housing Authority of County of Los Angeles* — cited by Sells and not discussed by Fotinos — is instructive. 2005 WL 6136440 (C.D. Cal. June 3, 2005). In *Thomas*, the defendants took the same position as Sells does here, arguing that the *Noerr-Pennington* doctrine bars the plaintiffs' lawsuit because it was based on the filing and prosecution of a state court unlawful detainer action. *Id*. at *10. *Thomas* agreed with the defendants, explaining that they "are immune from suit under the FHA and Rehabilitation Act for their filing of the unlawful detainer action unless '(1) no reasonable litigant could have realistically expected success on the merits, and (2) [they] filed the suit for the purpose of coercing, intimidating, threatening, or interfering with a

---

[8] Because this argument is dispositive, the Court does not address Sells' other arguments from the motion to dismiss.

7

person's exercise of rights protected by the FHA.'" *Id.* (quoting *White v. Lee*, 227 F.3d 1214, 1232 (9th Cir. 2000)). Because the defendants prevailed in the unlawful detainer action, *Thomas* found this "conclusively resolves whether a reasonable litigant could have expected success on the merits, and precludes plaintiffs from arguing that the prior action was baseless." *Id.* Based on this analysis, the *Thomas* court held that because "the unlawful detainer action was not a 'sham' lawsuit, the *Noerr–Pennington* doctrine immunizes defendants irrespective of their motive in prosecuting the action. Accordingly, plaintiffs may not pursue FHA or Rehabilitation Act claims based on defendants' filing and prosecution of the state court unlawful detainer action." *Id.* (citations omitted).

The same reasoning applies to Fotinos' complaint. Sells prevailed in the unlawful detainer action, and Fotinos cannot now argue that this was a sham or baseless lawsuit. And because her entire FHA claim is predicated on the SMC unlawful detainer action, the *Noerr-Pennington* doctrine provides Sells with immunity. Sells' motion to dismiss Fotinos' FHA claim is therefore GRANTED, and the claim is DISMISSED WITH PREJUDICE. The Court denies Fotinos' request for leave to amend because it would be futile. Her FHA claim of discrimination and retaliation attacks Sells' decision to initiate the unlawful detainer action, and Fotinos cannot plead any other factual allegations that would make this claim actionable under the circumstances presented in this case.

Fotinos' remaining claims, to the extent that she properly pled any, are all based on state law. Her complaint includes references alluding to claims against Sells and David based on the FEHA, a conspiracy to defraud Boyes' estate, and a breach of fidicuary duty. As Sells correctly points out, when the federal claims that served as the basis for a federal court's jurisdiction are eliminated by a motion to dismiss, the court may decline to exercise supplemental jurisdiction over any remaining state law claims. *See* 28 U.S.C. § 1367(c) (The court may decline to exercise supplemental jurisdiction if it "has dismissed all claims over which it has original jurisdiction"); *Acri v. Varian Assocs., Inc.*, 114 F.3d 999, 1001 (9th Cir. 1997) ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal claims are eliminated before trial, the balance of

factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.'") (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)). In declining to exercise supplemental jurisdiction, the Court considers that this matter — which now only consists of state law claims (to the extent any were pled) — stems from an underlying state court unlawful detainer action and this Court has yet to devote a significant amount of judicial resources to this action since these were the first motions filed by the parties.[9]

## CONCLUSION

Thus, Fotinos' FHA claim against Sells is DISMISSED WITH PREJUDICE. The Court declines to exercise supplemental jurisdiction over Fotinos' remaining state law claims, and these claims are DISMISSED. The co-defendant in this action, David, recently had his default vacated by stipulation and must now file an answer to Fotinos' complaint. Dkt. No. 49. The Court finds that this responsive pleading is unnecessary. Fotinos' complaint does not allege any federal claims against David since she indicates that the FHA claim only applies against Sells. Compl. at 14. Because Fotinos' allegations against David are all based on state law and the Court has declined to exercise supplemental jurisdiction over these claims, the Court DISMISSES the complaint against David as well.

The Clerk shall terminate this action. Fotinos remains free to file her state law claims against Sells and David, to the extent that she has any, in state court.

**IT IS SO ORDERED.**

Dated: November 19, 2012

Maria-Elena James
Chief United States Magistrate Judge

---

[9] Because the Court declines to exercise supplemental jurisdiction over any state law claims pled by Fotinos, it does not need to consider Sells' anti-SLAPP motion and it, along with the corresponding request for attorneys' fees, are DENIED AS MOOT.

9